IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHON MARK,

                Plaintiff,

v.                                                                                                  OPINION and ORDER

MR. INGENTHRON, LT. HAAG,                                              22-cv-363-jdp
and JOHN AND/OR JANE DOES,

                Defendants.

---

Plaintiff Jonathon Mark, appearing pro se, is a former state of Wisconsin inmate. Mark alleges that defendant prison officials denied him outdoor recreation time while he was on "DS3" status, even though other inmates in segregation status received their outdoor time. He seeks leave to proceed in forma pauperis with his case, and the court has already let him proceed without prepaying any portion of the filing fee. Dkt. 4.

The next step is for me to screen Mark's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

This case is an offshoot of a previous case brought by Mark, No. 21-cv-650-jdp. I dismissed the original complaint in the '650 case because Mark's allegations violated Federal Rule of Civil Procedure 8 for being too vague to state claims for relief and they violated Rule 20 for seeking relief against multiple groups of defendants about unrelated events. *See* Dkt. 7 in the '650 case. Mark has attempted to solve his Rule 20 problems by shifting some of his claims

into new individual lawsuits: this lawsuit involves his allegations about denial of outdoor recreation time.

But in dismissing Mark's complaint in the '650 lawsuit, I told him that his allegations regarding these events did not include enough information to meet Rule 8's pleading standards. In particular, I stated that "he provides no allegations suggesting that these denials subjected him to a substantial risk of serious harm . . . as would be required to state an Eighth Amendment claim." Dkt. 7 in the '650 case, at 2.

I instructed Mark to fix this pleading defect, but his new allegations suffer from similar problems. He still does not suggest that he was physically harmed by the denial of recreation time. He now states that "there was no rational reason to treat [him] differently," Dkt. 1, at 2, so perhaps he means to bring what's known as a "class-of-one" equal protection claim. But such claims are disfavored in the prison context and in any event they must involve more than a de minimis deprivation. *See Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 895 (7th Cir. 2012) (noting that "courts generally agree that only egregious class-of-one cases should be actionable in the name of the Constitution"); *Shaw v. Wall*, No. 12-cv-497-wmc, 2014 WL 7215764, at *3 (W.D. Wis. Dec. 17, 2014) ("[D]enial of a single phone call was a *de minimis* imposition that does not rise to the level of a constitutional violation".). Mark again doesn't explain how often or how long these denials occurred; his new allegations still fail to contain enough information to state a claim, even after I gave him a chance to fix his pleading problems. So I will dismiss this case for his failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Rule 8).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered August 3, 2022.

                                       BY THE COURT:

                                       /s/

                                       _____

                                       JAMES D. PETERSON
                                       District Judge